J-S01035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMAL SIMMONS | : | |
| | : | |
| Appellant | : | No. 1314 MDA 2017 |

Appeal from the Judgment of Sentence July 10, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0000887-2016

BEFORE:  GANTMAN, P.J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JULY 03, 2018**

Appellant, Jamal Simmons, appeals from the judgment of sentence entered in the Court of Common Pleas of Berks County Criminal Division, following his bench trial convictions of persons not to possess, use, manufacture, control, sell, or transfer firearms, and firearms not to be carried without a license.[1]  We affirm and grant counsel's petition to withdraw.

In its opinions, the trial court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

As a preliminary matter, appellate counsel seeks to withdraw

_____

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), respectively.

representation, pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006). **See also Commonwealth v. Dempster**, 2018 PA Super 121 (filed May 8, 2018) (*en banc*).

In **Santiago**, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

> Neither **Anders** nor **McClendon**[2] requires that counsel's
> brief provide an argument of any sort, let alone the type of

---

[2] **Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981).

argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.

\* \* \*

Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

Instantly, appellate counsel filed a petition to withdraw, which states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. In the **Anders** brief, counsel provides a summary of the facts and procedural history of the case. Counsel's argument refers to relevant law that might arguably support Appellant's issue. Counsel further states the reasons for the conclusion that the appeal is wholly frivolous.

- 3 -

Therefore, counsel has substantially complied with the requirements of *Anders* and *Santiago*. Appellant has not responded to the *Anders* brief *pro se* or with newly retained private counsel.

Counsel raises the following issues on Appellant's behalf:

> WHETHER THE TRIAL COURT ERRED IN DENYING [APPELLANT]'S OMNIBUS PRETRIAL MOTION FOR SUPPRESSION BASED ON AN UNLAWFUL ARREST AS THE WARRANTS WERE NOT VALID AT THE TIME OF THE ARREST[?]
>
> WHETHER THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO AN AGGREGATE TERM OF INCARCERATION OF 8½-17 YEARS, WHICH SENTENCE IS MANIFESTLY EXCESSIVE UNDER THE CIRCUMSTANCES OF THE CASE THAT THE PERSONS NOT TO POSSESS, USE, MANUFACTURE, CONTROL, SELL OR TRANSFER FIREARMS AND FIREARMS NOT TO BE CARRIED WITHOUT A LICENSE ARISE FROM THE SAME CRIMINAL EPISODE AND DO NOT WARRANT CONSECUTIVE SENTENCES.

(*Anders* Brief at 5).

Appellant complains of the order denying his omnibus pretrial motion to suppress. Specifically, Appellant claims his arrest was unlawful because the warrant used to detain him was invalid. Because a valid arrest warrant did not exist at the time of his arrest, Appellant concludes the gun seized upon his arrest should have been suppressed.

Appellant also argues the imposition of consecutive sentences unfairly led to an excessive aggregate sentence of incarceration of eight and a half (8½) to seventeen (17) years. Specifically, Appellant asserts the charges arose from a single incident involving one gun; and the imposition of

- 4 -

consecutive sentences was manifestly unwarranted, clearly unreasonable, and contrary to the fundamental norms underlying the sentencing code. Appellant submits the court failed to give adequate reasons to impose the sentence.[3] As presented, Appellant's second issue involves the discretionary aspects of sentencing. **See Commonwealth v. Gonzalez-Dejusus**, 994 A.2d 595 (Pa.Super. 2010) (explaining challenge to imposition of consecutive sentences involves discretionary aspects of sentencing); **Commonwealth v. Lutes**, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive refers to discretionary aspects of sentencing).

Review of an order denying a motion to suppress evidence implicates the following principles:

> [An appellate court's] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court is] bound by [those] findings and may reverse only if the court's legal conclusions are erroneous. Where…the appeal of the determination of the suppression court turns on allegations

---

[3] Appellant's post-sentence motion did not include or fairly imply a claim regarding the adequacy of the court's reasons for the sentence imposed. Therefore, we give that claim no further attention.

- 5 -

of legal error, the suppression court's legal conclusions are not binding on [the] appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the [trial court are] subject to plenary review.

*Commonwealth v. Hoppert*, 39 A.3d 358, 361-62 (Pa.Super. 2012), *appeal denied*, 618 Pa. 684, 57 A.3d 68 (2012).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the

reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008), *appeal denied*, 600 Pa. 745, 964 a.2d 895 (2009), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting *Commonwealth v. Williams*, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*)) (emphasis in original) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 912-13. When considering whether an appellant has raised a substantial question, this Court does not accept bald assertions of sentencing errors. *Commonwealth v. Malovich*, 903 A.2d 1247 (Pa.Super. 2006). Rather, the appellant must articulate how the sentencing court's actions violated the sentencing code. *Id.*

"Generally, Pennsylvania law 'affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge

to the exercise of this discretion ordinarily does not raise a substantial question.'" ***Commonwealth v. Prisk***, 13 A.3d 526, 533 (Pa.Super. 2011) (quoting ***Commonwealth v. Pass***, 914 A.2d 442, 446-47 (Pa.Super. 2006)). ***See also Commonwealth v. Foust***, 180 A.3d 416, 436 (Pa.Super. 2018) (regarding mere challenge to imposition of concurrent versus consecutive sentences, Pennsylvania has long disavowed volume discounts on multiple crimes).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S.A. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant [and], of course, the court must consider the sentencing guidelines." ***Commonwealth v. Fullin***, 892 A.2d 843, 847-48 (Pa.Super. 2006). A sentencing court may consider any legal factor in imposing an aggravated range sentence. ***Commonwealth v. Bowen***, 975 A.2d 1120, 1122 (Pa.Super. 2009). The "court is required to consider the particular circumstances of the offense and the character of the defendant." ***Commonwealth v. Griffin***, 804 A.2d 1, 10 (Pa.Super. 2002), *appeal denied*, 582 Pa. 671, 868 A.2d 1198 (2005), *cert. denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005). Where the sentencing court had the benefit of a presentence investigative ("PSI") report, we can presume the court "was aware of relevant information regarding the defendant's character and weighed those considerations along with

mitigating statutory factors." ***Commonwealth v. Devers***, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988).

Our standard of review concerning the discretionary aspects of sentencing states:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Hyland***, 875 A.2d 1175, 1184 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005). This Court considers four factors:

> **§ 9781. Appellate review of sentence**
>
>       \*     \*     \*
>
> **(d) Review of record.—**In reviewing the record the appellate court shall have regard for:
>
> > (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
> >
> > (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
> >
> > (3) The findings upon which the sentence was based.
> >
> > (4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d)(1)-(4). Our Supreme Court explained, "the concept of unreasonableness" in the context of sentencing is "inherently a

circumstance-dependent concept that is flexible in understanding and lacking precise definition." ***Commonwealth v. Walls***, 592 Pa. 557, 568, 926 A.2d 957, 963 (2007).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinions of the Honorable Paul M. Yatron, President Judge, we conclude Appellant's issues merit no relief. The trial court opinions comprehensively discuss and properly dispose of the questions presented. (***See*** Trial Court Opinion, filed August 16, 2016, at 1-4; Trial Court Opinion, filed September 27, 2017, at 1-4;) (finding: **(1)** at suppression hearing, Criminal Investigator Eric Sweitzer testified that on December 29, 2015, he verified existence of outstanding warrant before attempting to apprehend Appellant; Pennsylvania Board of Probation and Parole warrant was valid and outstanding; CI Sweitzer stated he knew Appellant by sight from previous interactions; CI Sweitzer testified during struggle leading to Appellant's arrest, Appellant repeatedly reached toward his right ankle; search of Appellant incident to arrest revealed concealed firearm on his person near his right ankle; handgun seized was admissible at trial; **(2)** court had benefit of PSI report when it sentenced Appellant; court concluded Appellant's actions in combination with his prior criminal record made clear he is capable of harming community; sentencing court considered Appellant's status as repeat felon; court sentenced Appellant at or below mitigated range on both charges; sentencing court properly

- 10 -

exercised its discretion to impose sentences consecutively). Following our independent review of the record, we agree with counsel and conclude the appeal is frivolous. ***See Dempster, supra***; ***Palm, supra***. Accordingly, we affirm on the basis of the trial court's opinions and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/3/18

COMMONWEALTH OF
PENNSYLVANIA

        v.

JAMAL SIMMONS,
APPELLANT

:   IN THE COURT OF COMMON PLEAS
:   OF BERKS COUNTY, PENNSYLVANIA
:   CRIMINAL DIVISION
:
:
:   No. CP-06-CR-0000887-2016
:
:   PAUL M. YATRON, PRESIDENT JUDGE

**1925(a) Opinion**                                       **September 27, 2017**

## Procedural Background

Prior to trial, Appellant filed an Omnibus Pretrial Motion challenging the suppression of evidence. After a hearing and the submission of briefs, in an opinion and order we denied the motion on August 16, 2016.

On July 10, 2017, Jamal Simmons ("Appellant") was convicted of Count 1, Persons not to Possess, Use, Manufacture, Control, Sell or Transfer Firearms, and Count 2, Firearms not to be Carried without a License, of the information. He was found not guilty of Count 3, Escape. Immediately following conviction, we proceeded to sentencing. After hearing the recommendations of counsel, Appellant was sentenced to five (5) to ten (10) years of incarceration at Count 1. Consecutive to this sentence, at Count 2, he was sentenced to three and a half (3 ½) to seven years (7) of incarceration. His aggregate sentence was for a term of eight and a half (8 ½) to seventeen (17) years of incarceration.

After sentencing, Appellant filed a timely post sentence motion on July 17, 2017, which we denied on July 24, 2017. Appellant then filed an appeal on August 23, 2017. On September 12, 2017, Appellant filed a concise statement of errors pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure.

Appellant raises the following matters for review:

Whether the Trial Court erred in denying Defendant's Omnibus Pretrial Motion for Suppression based on an unlawful arrest as the warrants were not valid at the time of arrest

The Trial Court erred and abused its discretion in sentencing Appellant to an aggregate term of incarceration of 8 ½ to 17 years, which sentence is manifestly excessive under the circumstances of the case including Appellant's low prior record score and the fact that the Persons Not to Possession (sic.), Use, Manufacture, Control, Sell or Transfer



Firearms and Firearms Not to be Carried without a License arise from the same criminal episode and do not warrant consecutive sentences.

CONCISE STATEMENT, September 12, 2017.

## Discussion

### I. The Court properly denied Appellant's pretrial motion to suppress evidence.

Appellant argues that this Court erred in denying Appellant's pretrial motion to suppress the evidence because the warrants were not valid at the time of arrest. CONCISE STATEMENT at ¶1. We discussed this issue in an opinion filed on August 16, 2016, which is attached as APPENDIX A. The suppression motion was easily characterized as frivolous.

### II. The Court did not err or abuse is discretion in sentencing Appellant to an aggregate term of incarceration of 8 ½ to 17 years.

Appellant alleges that the Court manifestly abused its discretion by failing to adequately consider his low prior record score and by sentencing him to two consecutive periods of incarceration. A court has broad discretion in sentencing, but is restrained in that it must consider the sentencing guidelines. *See Commonwealth v. Yuhasz*, 923 A.2d 1111, 1117 (Pa. 2007). The sentencing guidelines provide that a court shall consider:

> . . . [T]he protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing and taking effect under section 2155 (relating to publication of guidelines for sentencing, resentencing and parole and recommitment ranges following revocation).

42 *Pa.C.S.* § 9721. "The only line that a sentence may not cross is the statutory maximum sentence." *See Yuhasz*, 923 A.2d at 1119.

When reviewing an abuse of discretion claim, the appellate court must consider that "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Booze*, 953 A.2d 1263, 1278 (Pa. Super. 2008). Abuse of discretion is more than an error in judgment; rather, the appellant must establish that the sentencing court either "ignored or misapplied the law[;] exercised its judgment for reasons of partiality, prejudice, bias or ill will[;] or arrived at a manifestly unreasonable decision." *Id.* A sentence should not be disturbed when it is evident that

the sentencing court was aware of the sentencing considerations and weighed the considerations in a meaningful fashion. *Commonwealth v. Devers*, 546 A.2d 12 (Pa. 1988).

First, Appellant alleges that the Court failed to consider his low prior record. The Court considered Appellant's prior record, amongst other factors, at the time of sentencing. We stated:

> I have taken into account all of the testimony I've heard at several levels in this case. I've taken into account, obviously, the testimony that I heard today that triggered the verdict that I have rendered today. I've taken into account the P.S.I. which I have reviewed carefully. And quite frankly, the P.S.I. is troublesome in this regard. Recognizing that the two offenses which are the disqualifiers for the Defendant occurred one 11 years ago and one roughly about 10 years ago that doesn't give the Court much solace given the fact that the first conviction resulted in a county jail sentence of 6 to 23 months in September 2005, in October of 2007, that was a first degree felonious burglary. And in 2007, the Defendant was convicted of a first degree felonious robbery. At this point, he was sentenced to 4 to 10 years imprisonment. I don't know how much of that sentence that he served, but he was on parole from that offense when this offense occurred. I can only conclude from this – and one of the most troubling things about the testimony today is when surrounded by policemen who were tasing him and trying to restrain him, the defendant fought like a demon to try to reach his firearm which was concealed within his clothing. From these things I can conclude only that, Mr. Simmons, that you're a really dangerous man and that the public needs to be protected from you. The interesting anomaly here is because of the sentencing guidelines and because of the statutory penalties here, the maximum penalties in both of these are seriously into the mitigated range and, in fact, at Count 2 totally outside the guidelines themselves.

SENTENCING HEARING, July 10, 2017, at 6-7.

Reviewing our testimony, Appellant's prior record was not low; Appellant is a repeat felon. In sentencing, we considered Appellant's status as a repeat felon and that the guidelines suggested a standard range sentence exceeding the statutory maximums for the offenses. Restricted by statute, Appellant was sentenced in the mitigated range of the sentencing guidelines at Count 1 and below the mitigated range of the sentencing guidelines at Count 2. It strains credulity to argue that we did not adequately consider Appellant's prior record, because this consideration was foremost in our analysis and Appellant was sentenced at or below the mitigated range.

Second, considering Appellant's challenge to being consecutively sentenced on two counts, consecutive sentences are subject to a review for abuse of discretion only when a substantial question is raised; that is, when on its face, the "sentence [is] excessive level in light of the criminal conduct at issue in the case[.]" *Commonwealth v. Mastromarino*, 2 A.3d 581,

587 (Pa. Super. 2010). The Superior Court has considered sentencing to merit review when the court disregards the relevant sentencing criteria, the circumstances of the offense, and the rehabilitative needs of the defendant. *Commonwealth v. Dodge*, 77 A.3d 1263, 1273 (Pa. Super. 2013) (citations omitted). However, generally the imposition of consecutive sentences, opposed to concurrent sentences, does not alone raise a substantial question. *Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595, 598 (Pa. Super. 2010).

Instantly, we found it particularly troubling that Appellant was reaching for the firearm at the time of his arrest. Appellant's actions in combination with his prior crimes evince that he is an individual capable of harming the community. The Court in its decision to sentence Appellant to consecutive terms thought that the protection of the community was paramount. A lengthy period of incarceration is needed to protect the public from Appellant. Furthermore, we adequately considered the instant case, the sentencing criteria, and his prior record on each count when deciding to sentence Appellant to consecutive terms. Each sentence was at or below the mitigated range. Therefore, we did not abuse our discretion by sentencing Appellant to consecutive terms.

## CONCLUSION

For all of the foregoing reasons, this Court respectfully requests that the instant appeal be **DENIED**.

COMMONWEALTH OF PENNSYLVANIA   : IN THE COURT OF COMMON PLEAS
                                   : OF BERKS COUNTY, PENNSYLVANIA
            V.                    : CRIMINAL DIVISION
                                   : NO. CP-06-CR-0000887-2016

JAMAL LEE SIMMONS,              :
               DEFENDANT   : PAUL M. YATRON, PRESIDENT JUDGE

K. Kenneth Brown , Esquire, Attorney for the Commonwealth
Matthew S. Kopecki, Esquire, Attorney for Defendant

**Opinion and Order in Disposition of Defendant's Omnibus Pretrial Motion**
**President Judge Paul M. Yatron**                  **August 16 , 2016**

Defendant stands before the Court charged with Persons Not to Possess Firearms, Firearms Not to Be Carried Without a License, and Escape. The charges were filed as a result of Defendant's arrest on December 29, 2015, and a search of his person pursuant to that arrest.

Defendant filed a timely pretrial motion seeking the suppression of the firearm seized from Defendant's person as well as any other evidence derived from what Defendant alleges to be an unlawful arrest.

Hearing was held on the Defendant's motion on June 10, 2016, during which we heard testimony from David Smith, a State Parole Agent, and Eric Sweitzer, a Criminal Investigator with the Police Department of the City of Reading. At the conclusion of the hearing, counsel were given time for the preparation and filing of briefs.

The parties have submitted their briefs and the matter is thus ripe for adjudication. The narrative that follows constitutes our Findings of Fact and Conclusions of Law in disposition of Defendant's motion.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

In late 2015 Defendant was on State parole on robbery and conspiracy charges docketed at CP-06-CR-0004818-2008. By late November, he was determined to be an "absconder." This means he made himself unavailable to be supervised by the State Parole Board, and had failed to

report as directed and to provide his current address to the Board. This, of course, constitutes a violation of the terms and conditions of his parole.

The State Parole Agent supervising the Defendant prepared a form 62-a, a standard document used by the Parole Board. The form was forwarded to Harrisburg, where an entry was made in NCIC indicating that the Defendant was a parole violator. The steps taken were part of a longstanding standard protocol in such cases.

The posting to NCIC constituted notice to law enforcement agencies and is the functional equivalent of a warrant for the Defendant's arrest. This document is Page 1 of Commonwealth's Exhibit 1 to these proceedings.

Criminal Investigator Eric Sweitzer of the Reading Police Department knows the Defendant through "numerous contacts." In late December 2015, Sweitzer was aware that the State Parole Board had issued a warrant for the Defendant's arrest for parole violations. On December 29, 2015, Sweitzer accessed NCIC to determine if the State Parole Board warrant was still outstanding. His inquiry revealed that the request for Defendant's apprehension was still active.

At around 6:00 o'clock on the morning of December 29, 2015, Criminal Investigator Sweitzer and three or four other officers of the Reading Police Department spotted the Defendant in the vicinity of 11th and Cotton Streets in the City of Reading and County of Berks. Three of the other officers attempted to place the Defendant into custody, but the Defendant broke free from their grasps and ran westbound on Cotton Street. The officers caught up to the Defendant and after a struggle that lasted several minutes, were able to handcuff the Defendant. During the course of the struggle, the Defendant repeatedly reached backward toward his right ankle. A search of the Defendant after he was subdued revealed a concealed firearm in the vicinity where the Defendant was attempting to reach.

After taking the Defendant into custody, CI Sweitzer again contacted NCIC and sent a "hit confirmation." This constitutes a notification that the subject of the State Parole warrant is in custody, and inquires as to whether the Defendant's arrest is still sought. The communication sent by CI Sweitzer to NCIC is contained on Page 2 of Commonwealth's Exhibit 1 to these proceedings. In response to CI Sweitzer's communication, the Board responded to the effect that the warrant was still active and the Defendant was still sought by the Board. This "hit confirmation response" is found at Page 4 of Commonwealth's Exhibit 1 to these proceedings.

2

Also sent to CI Sweitzer was Commonwealth's Exhibit 2. This is an official Parole Board document-styled "warrant to commit and detain." Possession of such a document is necessary in order that Berks County Prison will accept custody of a Defendant arrested on behalf of the Parole Board.

All of the documents referenced herein and procedural steps are and have been part of the standard procedure and protocol utilized in this Commonwealth in the case of parole violators.

At around the time that CI Sweitzer was initially verifying the existence of the Parole Board's warrant, he had also received information to the effect that the Central Berks Police Department sought the Defendant as a suspect in a home invasion robbery. Upon checking NCIC, however, he found no such warrant filed. The actions taken by him and his fellow officers were based solely on the Pennsylvania Board of Probation and Parole's outstanding warrant.

The foregoing constitute our Findings of Fact. They are based upon testimony from the June 10, 2016, hearing from both Criminal Investigator Eric Sweitzer and State Parole Officer David Smith.

It is well settled that in this Commonwealth, a police officer may arrest an individual when he is aware that there is a warrant for the individual's arrest outstanding. He need not have the warrant in his possession, nor even review it. Commonwealth v. Gladfelter, 324 A.2d 518, 519 (Pa.Super 1974). Further, it has long been held that information from NCIC is deemed sufficiently reliable to establish probable cause for an individual's arrest. Commonwealth v. Feflie, 581 A.2d 636, 643 (Pa. Super 1990). Additionally, NCIC reports are deemed to be trustworthy to the degree that they provide probable cause to a police officer to arrest the subject of such a report immediately. Commonwealth v. Cotton, 740 A.2d 258, 264-265 (Pa. Super 1999).

CI Sweitzer verified the existence of the PBPP's warrant before seeking the Defendant. That he knew the Defendant by sight from numerous prior occasions, when coupled with the other facts before us, well establishes that the arrest of the Defendant on December 29, 2015, was lawful and proper.

That a subject who has been legally arrested is subject to a search of his person has been black letter law for generations. Thus, there can be no doubt that the seizure of the handgun allegedly unlawfully possessed by the Defendant was proper, especially considering the struggle during which the Defendant attempted to access it.

3

Based on all of the forgoing, the Defendant's motion to suppress evidence must be denied. The handgun seized from the Defendant on December 29, 2015, may be admitted against the Defendant at his trial.